UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GRAND RIVER ASPHALT CO.<br>P.O. Box 249<br>Grand River, OH 44045<br><br>Plaintiff<br><br>vs.<br><br>SMYRNA READY MIX CONCRETE, LLC<br>d/b/a SRM CONCRETE<br>C/O Northwest Registered Agent Service, Inc.<br>6545 Market Avenue, North<br>Ste. 100<br>N. Canton, OH 44721<br><br>Defendant | CASE NO.<br><br>JUDGE<br><br>**VERIFIED COMPLAINT** |

Now comes Plaintiff, Grand River Asphalt Co. (hereinafter "Plaintiff"), by and through its undersigned counsel, Dworken & Bernstein Co., LPA, and for its Verified Complaint against Defendant Smyrna Ready Mix Concrete, LLC d/b/a/ SRM Concrete (hereinafter "Defendant SRM"), states as follows:

## PARTIES

1. Plaintiff is a corporation formed under the laws of the State of Ohio with its principal place of business in Lake County, Ohio.

2. Defendant SRM is a limited liability company formed under the laws of the State of Tennessee, which is registered to do business in Ohio under the registered tradename of SRM Concrete and whose principal place of business in Murfreesboro, Tennessee.

## JURISDICTION AND VENUE

3. Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1-2 of this Verified Complaint as if fully rewritten herein.

4. This Court has personal jurisdiction over Defendant SRM in as much as they are doing business in Lake County, Ohio.

5. This Court has subject matter jurisdiction over the claims set forth in this Complaint by way of diversity of citizenship of the parties pursuant to 28 U.S.C. §1332(a)(1).

6. Plaintiff and Defendant SRM are citizens of different states in the United States.

7. The amount in controversy exceeds $75,000.00 in as much as the value of the Joint Venture Defendant SRM is asserting an interest in is millions of dollars.

8. This action is properly venued in this Court as the dispute involves real property that is located in Lake County, Ohio.

## FACTS

9. Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1-8 of this Verified Complaint as if fully rewritten herein.

10. On or about July 1, 1973, R.W. Sidley, Inc. and A.J. Ronyak, Inc. entered into an Agreement of Joint Venture known as the Painesville Grand River Dock Company (hereinafter "Joint Venture") for the specific and singular purpose of engaging in the business of owning and operating the Grand River Dock.

11. A copy of the Agreement of Joint Venture between R.W. Sidley, Inc., and A.J. Ronyak, Inc. is attached hereto as Exhibit "A" and made a part hereof.

12. On or about April 16, 1990, A.J. Ronyak, Inc. merged with Plaintiff with Plaintiff as the surviving entity.

13. A copy of the Certificate of Merger for A.J. Ronyak, Inc. and Plaintiff is attached hereto as Exhibit "B" and made a part hereof.

14. Subsequent to the merger of A.J. Ronyak, Inc. and Plaintiff, the parties to the Joint Venture were R.W. Sidley, Inc. and Plaintiff.

15. On or about December 18, 2023, Defendant SRM announced on LinkedIn that Defendant SRM had acquired the assets of R.W. Sidley, Inc.

16. A copy of the LinkedIn post from Defendant SRM is attached hereto as Exhibit "C" and made a part hereof.

17. The announcement on LinkedIn included the assertion that Defendant SRM had acquired two aggregate docks.

18. The only aggregate docks which R.W. Sidley, Inc. had an interest in were a dock in Ashtabula, which R.W. Sidley, Inc. owned 100% of, and the dock owned and operated by the Joint Venture, which R.W. Sidley, Inc. only had an interest in as a participant in the Joint Venture.

19. The Grand River Dock which is owned and operated by the Joint Venture is located on two (2) parcels of real property located in Lake County, Ohio with Permanent Parcel Nos. 11B0670000070 and 11B0670000080 (hereinafter "The Real Property").

20. The Real Property has been titled to the Joint Venture since December 21, 1976, when it took title to the Real Property via a Quit Claim Deed from R.W. Sidley, Inc. and A.J.

Ronyak, Inc.

21. The purported transfer of R.W. Sidley, Inc.'s interest in either the Real Property or the Joint Venture, other than R.W. Sidley, Inc.'s economic interest in the Joint Venture, would violate Ohio law.

22. On or about December 18, 2023, a letter was hand-delivered and sent via Federal Express to Robert J. Buesher, President of R.W. Sidley, Inc., advising R.W. Sidley, Inc. that it could not, as a matter of law, transfer an interest in the Joint Venture of the Real Property owned by the Joint Venture to Defendant SRM.

23. A copy of the December 18, 2023 letter is attached hereto as Exhibit "D" and made a part hereof.

24. That same day at 5:22 p.m., David Baczek, President/Treasurer for Plaintiff, emailed that same letter to Mr. Buescher and J.D. Kious, General Counsel for Defendant SRM.

25. A copy of that email is attached hereto as Exhibit "E" and made a part hereof.

26. Counsel for R.W. Sidley, Inc. responded to that letter and advised the undersigned counsel that Defendant SRM had acquired R.W. Sidley, Inc.'s assets in their ready-mix and construction division, that Defendant SRM intended to step into the shoes of R.W. Sidley, Inc. as the co-manager of the Joint Venture, and that R.W. Sidley viewed this as a dispute between Plaintiff and Defendant SRM.

27. When Defendant SRM failed to respond to the December 18, 2023 letter, a second letter was sent to J.D. Kious, General Counsel for Defendant SRM, on December 21, 2023, advising him of Plaintiff's intent to file this lawsuit and seek a Temporary Restraining Order.

28. A copy of the December 21, 2023 letter is attached hereto as Exhibit "F" and made a part hereof.

29. Plaintiff and R.W. Sidley, Inc., who were co-managers of the Joint Venture, had reached an agreement on how the Grand River Docks could be used for the mutual benefit of both companies.

30. It appears from activity at the Grand River Docks that Defendant SRM is planning on operating out of the Grand River Docks.

31. In particular, Defendant SRM has attempted to bring a crane onto the Grand River Docks to undertake modifications to portions of the Real Property that had been previously utilized by R.W. Sidley, Inc. pursuant to the agreement of the co-managers on how to operate the Joint Venture.

32. Employees who formerly identified themselves as working for R.W. Sidley, Inc. now identify themselves as working for Defendant SRM.

33. The co-managers of the Joint Venture have not had any meetings or reached any agreement which would allow Defendant SRM to access the Real Property or otherwise utilize the assets of the Joint Venture or otherwise access the Grand River Docks.

34. Defendant SRM is a direct competitor of Plaintiff and various businesses related to Plaintiff, and Defendant SRM having unfettered access to the Grand River Dock and/or the Real Property would be detrimental to Plaintiff and its related businesses.

35. As a direct and proximate result of Defendant SRM asserting an ownership interest in the Grand River Dock per the LinkedIn post and its efforts to access the Grand River Dock and/or the Real Property, Plaintiff is entitled to a declaratory judgment that R.W. Sidley, Inc. was limited to transferring its economic interest in the Joint Venture and a restraining

order preventing Defendant SRM from asserting any ownership interest or rights of management and control to the Grand River Dock and/or the Real Property owned by the Joint Venture.

## COUNT I
## VIOLATION OF THE OHIO UNIFORM PARTNERSHIP ACT

36. Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1-35 of this Verified Complaint as if fully rewritten herein.

37. Under Ohio law, Joint Ventures are governed by the law applicable to partnerships.

38. Pursuant to Ohio Revised Code Section 1776.47, a partner is not a co-owner of partnership property and has no interest in partnership property that can be transferred, either voluntarily or involuntarily.

39. Pursuant to Ohio Revised Code Section 1776.48, a partner's economic interest is the only transferrable interest of a partner in the partnership.

40. Pursuant to Ohio Revised Code Section 1776.48, the transferrable economic interest of a partner is personal property.

41. Pursuant to Ohio Revised Code Section 1776.49(A), a transfer of a partner's economic interest does not entitle the transferee, as against the other partners or the partnership, during the continuance of the partnership, to participate in the management or conduct of the partnership business, to require access to information concerning partnership transactions, or to inspect a copy of the partnership books or records.

42. Pursuant to Ohio Revised Code Section 1776.49(B)(1), the transferer of the partner's economic interest in the partnership only has a right to receive, in accordance with the transfer, distributions to which the transferer would otherwise be entitled.

43. Defendant SRM's assertion in the LinkedIn post that as part of its acquisition of R.W. Sidley, Inc.'s assets, it acquired an interest in the aggregate docks on the Real Property owned by the Joint Venture, and subsequent efforts to access the Grand River Docks and/or the Real Property is inconsistent with Ohio law.

44. Plaintiff is entitled to a declaratory judgment declaring that Defendant SRM does not have any right to participate in the management of or conduct business in the Grand River Dock on the Real Property owned by the Joint Venture.

45. Plaintiff is entitled to a temporary restraining order and preliminary and permanent injunction barring Defendant SRM from asserting any interest, beyond an economic interest defined in Ohio Revised Code Section 1776.48 and 1776.49, in the Grand River Docks or the Real Property owned and operated by the Joint Venture and, in particular, prohibiting Defendant SRM from asserting any rights to management of the Joint Venture or to conduct any business on the Real Property owned by the Joint Venture.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Issue an Order declaring that Defendant SRM is limited to acquiring R.W. Sidley, Inc.'s economic interest in the Painesville Grand River Dock Company consistent with the provisions of Ohio Revised Code Section 1776.48 and 1776.49;

B. Issue a temporary restraining order and preliminary and permanent injunction barring Defendant SRM from participating in the management of the Painesville Grand River Dock Company Joint Venture and/or conducting any business on the Grand River Dock and/or the Real Property owned by the Painesville Grand River Dock Company Joint Venture;

C. An award of attorneys' fees;

D. Any other further relief this Court deems appropriate.

Respectfully submitted:

/s/ Richard N. Selby, II

Richard N. Selby II (#0059996)
Grant J. Keating (#0079381)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, OH 44077
Telephone: (440) 352-3391
Facsimile: (440) 352-3469
Email: rselby@dworkenlaw.com
gkeating@dworkenlaw.com
*Counsel for Plaintiff*

**VERIFICATION**

I, David Baczek, President/Treasurer for Plaintiff Grand River Asphalt Co., have reviewed the Verified Complaint and all of the exhibits attached to it. Pursuant to my own personal knowledge, I believe all of the facts set forth in the Verified Complaint to be true.

FURTHER AFFIANT SAYETH NAUGHT.

David Baczek - President

David Baczek, President/Treasurer

SWORN TO BEFORE ME, and subscribed in my presence on December 20th, 2023.

Ronna A Sneary

NOTARY PUBLIC
My Commission Expires: 04/20/2024

NOTARIAL SEAL
STATE OF OHIO
RONNA A. SNEARY
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
04-20-2024